UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AUTUMN CASHMERE, INC.,

    Plaintiff,

vs.

Case No. 08-CV-11593
HON. GEORGE CARAM STEEH

IMMA, L.L.C.,

    Defendant.

_____/

ORDER DENYING DEFENDANT IMMA'S MOTION TO DISMISS (# 4)

Defendant IMMA, L.L.C. moves for dismissal for lack of personal jurisdiction. A hearing on the motion was held on June 11, 2008. For the reasons set forth below, IMMA's motion to dismiss will be DENIED.

**I. Background**

Plaintiff Autumn Cashmere, Inc., a Michigan clothing designer and manufacturer, filed a complaint in state court on March 13, 2008 alleging claims of breach of fiduciary duties, usurpation of corporate opportunity, conversion, tortious interference with contract, tortious interference with business relationship, unjust enrichment and violation of Michigan's Uniform Trade Secret Act, M.C.L. § 445.1901 et seq., against defendants Ming Xiong and IMMA, L.L.C.. While still a Vice President of plaintiff Autumn Cashmere, defendant Xiong formed defendant IMMA, a New York limited liability company, and is sole owner, officer and member. IMMA is a clothing competitor of Autumn Cashmere. Xiong is a resident of New York.

## II. IMMA's Motion to Dismiss for Lack of Personal Jurisdiction

IMMA alone moves to dismiss arguing, as a New York limited liability company with its principal place of business in New York, this court lacks personal jurisdiction over IMMA in that IMMA does no business in Michigan and has no presence in Michigan. Defendant Xiong does NOT contest personal jurisdiction. IMMA argues, in essence, that any tortious acts committed by its sole member Xiong cannot be imputed to IMMA for purposes of personal jurisdiction. Specifically, IMMA argues: (1) Michigan's long-arm statutes do not apply to IMMA as a foreign limited liability company; (2) even if they apply, exercising personal jurisdiction over IMMA would violate due process because IMMA did not purposefully avail itself of the privilege of conducting activities in Michigan, this cause of action did not arise from IMMA's activities in Michigan, and IMMA's activities were not substantially connected to Michigan.

## III. Standard of Review

A plaintiff challenged by a motion to dismiss based on lack of personal jurisdiction must make a prima facie showing of personal jurisdiction. Calphalon Corp. v. Rowlette, 228 F.3d 718, 721 (6th Cir. 2000); Serras v. First Tennessee Bank National Ass'n., 875 F.2d 1212, 1214 (6th Cir. 1989). If the plaintiff meets its evidentiary burden, the motion to dismiss should be denied notwithstanding any controverting assertions of the defendant. Calphalon, 228 F.3d at 721; Serras, 875 F.2d at 1214; Compuserve, Inc. v. Patterson, 89 F.3d 1257, 1263 (6th Cir. 1996). In diversity cases, a federal district court looks to the law of the forum state to determine whether personal jurisdiction exists. Calphalon, 228 F.3d at 721 (citing LAK, Inc. v. Deer Creek Enterprises, 885 F.2d 1293, 1298 (6th Cir. 1989);

Southern Machine Co. v. Mohasco Indus., 401 F.2d 374, 376 n. 2 (6th Cir. 1968)). For the exercise of personal jurisdiction to be valid, it must meet both state statutory and federal constitutional requirements. World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980); International Shoe v. Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945); Calphalon, 228 F.3d at 721; Serras, 875 F.2d at 1216. If state statutory requirements are met, a district court should apply a three part federal constitutional analysis:

> First, the defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state. Second, the cause of action must arise from the defendant's activities there. Finally, the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable.

International Technologies Consultants, Inc. v. Euroglas S.A., 107 F.3d 386, 395 (6th Cir. 1997) (quoting Mohasco, 401 F.2d at 381). See also LAK, Inc., 885 F.2d at 1299.

## IV. Analysis

### A. Imputing Xiong's Acts to IMMA

Defendant IMMA, in essence, makes the argument that any tortious acts committed by its sole owner, officer and member Xiong cannot be imputed to IMMA for purposes of personal jurisdiction. This argument is unpersuasive. New York law governing limited liability companies states that "every member is an agent of the limited liability company for the purpose of its business, and the act of every member . . . binds the limited liability company." N.Y. Agency Law § 412 (1994). The same rule applies to the acts of managers of limited liability companies. Id. In MCNIC Oil, the court held that because the President and representative of a company satisfied the requirements for personal jurisdiction while acting on behalf of the company, the company was bound to the President's acts, and

personal jurisdiction over the company could be properly exercised. See MCNIC Oil & Gas Co. v. IBEX Resources Co., L.L.C., 23 F.Supp2d 729, 735 (E.D. Mich. 1998).

A limited liability company can escape liability for the acts of its managers and/or members if "the member/manager so acting has in fact no authority to act for the limited liability company in the particular matter." N.Y. Agency Law § 412 (1994). To the extent IMMA argues that Xiong had no authority to commit tortious acts and that Xiong's link to IMMA is too attenuated, the fact that Xiong has complete control over IMMA vitiates this argument. Plaintiff's contention that IMMA is simply the "alter ego" of Xiong, and that the acts of Xiong are also the acts of IMMA, is convincing.

### B. Applicability of Michigan's Long-Arm Statutes

Michigan's long-arm statutes include provisions for both general and limited personal jurisdiction, with different requirements for each. Since defendant IMMA was not formed in Michigan, did not consent to be sued in Michigan, and never carried on a continuous and systematic part of its general business within Michigan, this court has no general personal jurisdiction over IMMA. See M.C.L. § 600.731. The applicable statute, however is M.C.L. § 600.735, providing for limited personal jurisdiction over an "unincorporated voluntary association."

Defendant's argument that § 600.735 does not apply because the statute does not specifically include "limited liability company" is unpersuasive. The plain language of the statute clearly includes "limited liability companies." See MCNIC Oil & Gas Co., 23 F.Supp2d at 735 (finding M.C.L. § 600.735 applies to non-resident limited liability companies). Pursuant to § 600.735(2), a Michigan court has limited personal jurisdiction over IMMA as an unincorporated voluntary association if IMMA "caused any act to be done,

4

or consequences to occur, in the state resulting in an action for tort." Autumn Cashmere has met its burden of proof showing that IMMA, through its agent Xiong, caused consequences to occur in Michigan which resulted in an action for tort. Specifically, Xiong's alleged misappropriation of Autumn's trade secrets for IMMA's benefit caused negative consequences to occur in Michigan where Autumn is based. § 600.735(2) is satisfied and a sufficient basis for limited personal jurisdiction is established.

### C. Constitutional Due Process Implications

In assessing whether this court's exercise of jurisdiction over defendant offends its due process rights, the court applies the three prong analysis of International Technologies, 107 F.3d at 395. The first prong is whether the defendant "purposefully availed itself of the privilege of conducting activities in the forum state, thus invoking the benefits and protections of the state's laws. The purposeful availment requirement ensures that a defendant will not be haled into a jurisdiction solely as a result of random, fortuitous, or attenuated contacts. Jurisdiction is proper however, where the contacts proximately result from actions by the defendant himself that create a substantial connection with the forum state." Burger King v. Rudzewicz, 471 U.S. 462, 475 (1985). If a "non-resident defendant purposefully directs its activities at residents of the forum state, he opens the door to the assertion of jurisdiction." Id. at 473. The purpose behind this requirement is to protect individuals from being subjected to foreign jurisdictions absent "fair warning" that its activity may bring them within authority of those courts. Salom Enterprises, LLC v. TS Trim Industries, Inc., 464 F.Supp.2d 676, 684 (2006) (citing Burger King, 471 U.S. at 471-72).

Here, IMMA's contacts with Autumn Cashmere were not random, fortuitous, or

attenuated. Xiong is alleged to have purposefully and deliberately committed tortious acts against Autumn Cashmere for the benefit of IMMA. Non-resident defendant IMMA's deliberate acts towards Michigan resident Autumn Cashmere creates a substantial connection with Michigan. Acting on behalf of IMMA, Xiong should have known that allegedly stealing secrets from a Michigan company may expose IMMA to suit in Michigan. IMMA had "fair warning." The first prong of the test is thus met.

The second prong is whether the plaintiff's cause of action arose from the defendant's contacts with the forum state. International Technologies, 107 F.3d at 395. This is a lenient standard, and only requires that defendant's contacts with the forum state relate to the facts in controversy. See Bird v. Parsons, 289 F.3d 865, 875 (6th Cir. 2002). Here Xiong, and by extension IMMA, allegedly committed a variety of tortious acts that relate to the facts in controversy. This prong of the test is met.

The third prong of the test is whether the defendant's activities were substantially connected with the forum state as to make the exercise of jurisdiction over the defendant reasonable. International Technologies, 107 F.3d at 395. As stated in Theunissen v. Matthews, 935 F.2d 1454, 1461 (6th Cir. 1991), "when the first two criteria are met, an inference of reasonableness arises and only the unusual case will not meet the third criteria." This is not that "unusual case." The exercise of personal jurisdiction over IMMA is reasonable and the third prong is met.

**V. Conclusion**

Defendant IMMA's motion to dismiss is hereby DENIED.

SO ORDERED.

Dated: June 17, 2008

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on June 17, 2008, by electronic and/or ordinary mail.

s/Josephine Chaffee
Deputy Clerk