**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

AUTUMN CASHMERE, INC.,

        Plaintiff,        CIVIL ACTION NO. 08-CV-11593-DT

  VS.        DISTRICT JUDGE GEORGE CARAM STEEH

MING XIONG,        MAGISTRATE JUDGE MONA K. MAJZOUB
IMMA, LLC,

        Defendants.

_____/

**OPINION AND ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL DISCOVERY AND EXTEND DISCOVERY CUT 0FF DATE**

This matter comes before the Court on Plaintiff's Motion to Compel Discovery and Extend Discovery Cut Off Date filed on April 14, 2009. (Docket no. 21). This matter was referred to the undersigned for decision. (Docket no. 22). Defendants filed a Response to the motion. (Docket no. 24). The parties filed a Joint Statement of Resolved and Unresolved Issues. (Docket no. 25). This Court held a hearing on May 18, 2009. Plaintiff's motion is now ready for ruling.

Plaintiff Autumn Cashmere designs, manufactures, and markets ladies sweaters. Defendant Xiong is a minority shareholder of Plaintiff and a former vice-president of Plaintiff. Defendant IMMA, LLC is a company formed by Defendant Xiong. Plaintiff alleges that Defendant Xiong formed IMMA while he was still employed by Plaintiff and began competing with Plaintiff in the sweater market which caused Plaintiff to lose sales. Hebe Fashion is not a party to the action but is a company formed by Defendant Xiong and Mr. He. Hebe manufactures sweaters for IMMA.

Plaintiff served its First and Second Sets of Discovery on Defendants on August 22, 2008 and March 3, 2009. (Docket no. 21, exs. D, E). Defendants responded to the First Set in September 2008 and to the Second Set in April 2009. Plaintiff argues that some responses are incomplete or that objections made are not proper. Also, Plaintiff deposed Defendant Xiong in February 2009 and contends that Defendant Xiong improperly failed to answer many questions during his deposition. Plaintiff seeks to compel answers to portions of the discovery and to certain deposition questions that were not answered. Plaintiff's motion was filed on April 14, 2009, four days after the close of discovery in this action. (Docket no. 20).

The parties listed several unresolved issues in their Joint Statement. (Docket no. 25). Their briefing fails to sufficiently discuss most of these issues by specifically describing the discovery that has been provided and what specific information is missing. As a result, the Court will focus on the issues raised during the hearing on May 18, 2009 hearing.

**1.   Plaintiff's First Set of Interrogatories, Requests to Produce, Requests for Admissions.**

Interrogatory 3(b) and Request for Production 4 seek the identity of the customers to whom Defendant IMMA has sold its products since June 2005. The Request for Production seeks a copy of Defendant's customer list. Defendants provided a list of customers but during Defendant Xiong's deposition he admitted that the list was not complete. Defendants must therefore supplement their responses to provide Plaintiff with a full and complete customer list as requested.

### 2.     Document Review

As ordered by the Court in the May 18, 2009 hearing, Plaintiff is entitled to inspect and review previously requested documents of Defendant IMMA in New York City on or before June 4, 2009.  This will resolve any outstanding document request put at issue by Plaintiff's motion for which relief is warranted.

### 3.     Depositions

Also as ordered during the May 18, 2009 hearing, Plaintiff may depose four agents or employees of Defendant IMMA LLC on or before June 4, 2009.  Plaintiff will choose these four representatives.

### 4.     Discovery Deadline Extension

Plaintiff seeks an extension of the discovery period which closed on April 10, 2009.  The Court may modify the scheduling order for good cause.  Fed. R. Civ. P. 16(b)(4).  Plaintiff has not shown good cause for a general extension of the discovery period.  Therefore, this request is denied with the specific exceptions granted in this Order.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Compel (docket no. 21) is **GRANTED** to the extent that on or before June 4, 2009 Defendants shall: (1) supplement their responses to Plaintiff's Interrogatory 3(b) and Request for Production 4 as set out above; (2) produce for inspection in New York City the documents requested by Plaintiff in its First and Second Sets of discovery; and (3) produce four agents or employees of Defendant IMMA LLC, as chosen by Plaintiff, for depositions.  Otherwise, Plaintiff's Motion to Compel and for Extension of Discovery is **DENIED.**

## NOTICE TO THE PARTIES

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of ten days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. 636(b)(1).


Dated: May 26, 2009            s/ Mona K. Majzoub
                               MONA K. MAJZOUB
                               UNITED STATES MAGISTRATE JUDGE



## **PROOF OF SERVICE**

I hereby certify that a copy of this Opinion and Order was served upon Counsel of Record on this date.

Dated: May 26, 2009            s/ Lisa C. Bartlett
                               Courtroom Deputy