## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

**AUTUMN CASHMERE, INC.,**

           **Plaintiff,**           **CIVIL ACTION NO. 08-CV-11593-DT**

    **vs.**

                          **DISTRICT JUDGE GEORGE CARAM STEEH**

**MING XIONG,**            **MAGISTRATE JUDGE MONA K. MAJZOUB**
**IMMA, LLC,**

           **Defendants.**
_____/

## REPORT AND RECOMMENDATION

**I.**    **RECOMMENDATION:**    Plaintiff's Motion for Default for Defendants' Failure to Comply with the Court's Order of May 26, 2009 (docket no. 30) should be **DENIED.**

**II.**    **REPORT:**

    **A.**    **Facts, Claims, and Procedural History**

        This matter comes before the Court on Plaintiff's Motion for Default for Defendants' Failure to Comply with the Court's Order of May 26, 2009.  (Docket no. 30).  Defendants have responded.  (Docket no. 34).  Plaintiff filed a Reply brief.  (Docket no. 35).  The Court dispenses with oral argument pursuant to E.D. Mich. LR 7.1(e).  All pretrial matters have been referred to the undersigned for decision.  (Docket no. 22).  Plaintiff's motion is now ready for ruling.

        This Court's earlier order of May 26, 2009 (docket no. 26) granted in part and denied in part Plaintiff's Motion to Compel Discovery and Extend Discovery Cut Off Date.  Defendants were ordered to: (1) supplement their responses to Plaintiff's Interrogatory 3(b) and Request for Production 4 by providing a full and complete customer list for Defendant IMMA; (2) produce for

inspection in New York City the documents requested by Plaintiff in its First and Second Sets of discovery; and (3) produce four agents or employees of Defendant IMMA for deposition. (Docket no. 26).

Plaintiff claims that Defendants through Defendant Xiong failed to provide a full and complete customer list, failed to produce previously requested documents in New York City, and failed to produce one witness, Bonnie Wan, for deposition. (Docket no. 30). Plaintiff seeks a default judgment against Defendants in addition to expenses caused by Defendants' alleged failure to obey this Court's Order. Defendants respond by arguing that they produced a full and complete customer list, produced the relevant documents in their possession, custody and control, and produced Ms. Wan for deposition. (Docket no. 34). In support, Defendant Xiong submitted an affidavit. (Docket no. 34-3).

### B.    Standard

Rule 37(b)(2) provides that if a party disobeys a discovery order, the court may render a default judgment against the disobedient party. Fed. R. Civ. P. 37(b)(2)(A)(vi). If a party fails to comply with an order to produce another person for deposition, the court may also render a default judgment. Fed. R. Civ. P. 37(b)(2)(B). Subsection (C) authorizes the court to order the disobedient party or counsel to pay the reasonable expenses, including attorney's fees, caused by the failure.

The entry of a default judgment as a sanction for discovery abuse is a sanction of last resort and may be imposed only if the court concludes that the party's failure to cooperate in discovery is due to willfulness, bad faith, or fault. *Bank One of Cleveland, N.A. v. Abbe*, 916 F.2d 1067, 1073 (6th Cir. 1990). Additional factors to consider are prejudice to the adversary party from the failure to cooperate, whether the defaulting party was warned that failure to cooperate could lead to default,

and whether less drastic sanctions were considered.  (*Id.*).  Judgment by default is a drastic step appropriate only in the most extreme cases.  *United Coin Meter Co. v. Seaboard Coastline R.R.*, 705 F.2d 839, 845 (6th Cir. 1983).

    **C.**    **Analysis**

        **1.**    **Customer List**

    Plaintiff lists 51 entities that it believes are customers of Defendant IMMA and which were allegedly not listed on the Defendants' customer list provided on June 4, 2009.  (Docket no. 30 at 11-13).  Defendant Xiong states in his affidavit that he "provided a full and complete customer list of over 400 customers to Autumn Cashmere on June 4th, 2009 by printing the complete customer list from IMMA's billing system."  (Docket no. 34-3 at 2).  Plaintiff does not show that this assertion is false.  Plaintiff simply argues that the alleged discrepancy in listed names shows that Defendants failed to comply with this Court's order for Defendants to provide a full and complete listing of customers.

    Defendants offer several reasons why this apparent discrepancy occurred.  One of the alleged customers, Christina's Ltd, refused to accept the goods and IMMA voided the invoice.  (Docket no. 34-3 at 2).  Plaintiff derived the names of several of the alleged customers from a subpoena served upon IMMA's warehouse, Waitrex, based on "pick orders" sent by IMMA.  Defendant Xiong states that "pick orders" are many times created and later the entity cancels its order or refuses the goods or has its orders cancelled by IMMA, resulting in the entity not appearing on IMMA's billing system as a customer.  (*Id.*).  Defendant Xiong also states in his affidavit that at least 6 of the entities listed by Plaintiff are listed under their doing-business-as names on the list he provided, or vice-versa.  (*Id.* at 3).  Spelling or the use of abbreviations resulted in four of the discrepancies.  (*Id.*).  Two of the

entities on Plaintiff's list were billed after the date that the list provided by Xiong was printed, according to Defendant Xiong. (*Id.*). Finally, Defendant Xiong admits that a mistaken data entry caused 2 of the entities listed by Plaintiff not to appear on IMMA's customer list when they should have appeared. (*Id.*).

Plaintiff has failed to show that the alleged discrepancies in the listing of Defendant IMMA's customers are due to willful disobedience to the Court's Order. The undisputed evidence is that Defendant IMMA's customer list was printed from its billing system. This list may have omitted some customers, but there is no showing that this was due to willfulness or bad faith.

### 2. Document Production

Plaintiff contends that although Defendants have produced some documents, the production is deficient to the extent that it constitutes willful disobedience. In granting Plaintiff's earlier Motion to Compel, this Court noted that Plaintiff had failed to specifically describe the discovery that had been provided up to that point and identify what specific information was missing. (Docket no. 26 at 2). Plaintiff still has not shown specifically that any particular documents are missing from Defendants' production. Defendant Xiong states in his affidavit that he produced 2 boxes of documents to Plaintiff including order acknowledgments, invoices, communications with customers, check copies, pick tickets, UPS information, return requests, return authorizations, credit card request forms, credit card slips, customs notices, and packing lists. (Docket no. 34-3 at 4). He further states that IMMA is a start-up company with now one employee in addition to himself. He states that the records are in turmoil due to many employees being laid off, especially those employees who created and organized the relevant files. (*Id.*). Although such considerations as

disorganization may not be an excuse for non-production, they do impact this Court's findings in terms of whether Defendants are acting in bad faith which is at the center of this motion.

Another factor in the production of these documents is that some are apparently in the possession of a non-party, Hebe Fashions, in China.  (*Id.*).  Plaintiff did not provide a basis in its earlier Motion to Compel for the Court to order Defendant Xiong to obtain documents in the possession of Hebe Fashions and produce them to Plaintiff in this action.  Therefore, Plaintiff cannot base this Motion for Default upon the non-production of any documents possessed by Hebe Fashions and not possessed by Defendants.

The Court has reviewed the 20 document requests listed by Plaintiff to which Defendants have allegedly failed to properly respond.  (Docket no. 30 at 13-17).  The Court has compared Plaintiff's arguments with respect to those requests with the responses to each of the requests by Defendants.  (Docket no. 34 at 13-16).  Defendants provided Bates numbers identifying responsive documents for 7 of those requests, 5 of the requests concern documents in the possession of Hebe Fashions, 1 request is for the customer list discussed above, and for 7 of the requests Defendants argue that they have provided documents.  (*Id.*).  Plaintiff has not specifically refuted Defendants' assertions as to this production.  (Docket no. 35).  The 1 remaining request is for personal financial documents related to woolen goods.  Defendants responded that they do not maintain financial documents related to the sale of any particular type of goods.  (Docket no. 34 at 14).  Plaintiff has not shown that this is a drastic example of a willful failure to obey the Court's Order in connection with the production of documents.

### 3.      Depositions

The parties have markedly different stories surrounding Plaintiff's unsuccessful attempt to depose Bonnie Wan.  She is the only deponent at issue.  Importantly, Defendants' version is the only one supported by affidavit.  Defendant Xiong states in his affidavit that he offered Bonnie Wan for deposition on June 4, 2009 at 2:00 p.m.  (Docket no. 34-3 at 4).  Plaintiff's counsel refused to take the deposition, according to Defendant Xiong, even though Plaintiff's counsel had no one to interview at that time.  (*Id*. at 4-5).  Defendant Xiong further states that it was only when Plaintiff's counsel could not locate any other witnesses, at 4:00 p.m., that he asked for Bonnie Wan and by that time Ms. Wan had left the office and "was out shopping for trims."  (*Id*. at 5).

Plaintiff argues that the "allegation that Ms. Wan was made available at 2:00 pm and that plaintiff's counsel refused to take her deposition is false."  (Docket no. 35 at 4).  Plaintiff contends that its counsel offered to take her deposition at any time Defendants wished and that Defendant Xiong decided that the deposition should occur at 4:00 p.m. so that Ms. Wan could finish some work.  (*Id*.).  Plaintiff further asserts that neither Defendant Xiong nor Ms. Wan appeared at 4:00 pm as promised.  (*Id*.).

Plaintiff has failed to show that Defendants willfully or in bad faith failed to make Ms. Wan available for her deposition.  The cognizable evidence shows that Ms. Wan was offered and that Plaintiff's counsel delayed in accepting that offer until Ms. Wan had left Defendants' offices.

### 4.      Other Relevant Factors

Based on the above discussions, Plaintiff has failed to show that Defendants have acted in bad faith, willfully, or with the fault necessary to support the granting of a default judgment.  *See Bank One of Cleveland*, 916 F.2d at 1073.  The other relevant factors are prejudice to the Plaintiff,

whether Defendants were previously warned of the possible granting of default judgment, and whether other sanctions were considered. (*Id*.). Plaintiff has not made a strong showing of prejudice primarily due to the failure to specifically identify information that Defendants have not produced. Defendants have not previously been warned of the possibility that a default judgment would be entered against them. Finally, the Court would have to consider less drastic sanctions against Defendants, had they been requested by Plaintiff, before a default judgment would be granted. Accordingly, Plaintiff's motion should be denied.

## III.    <u>NOTICE TO PARTIES REGARDING OBJECTIONS:</u>

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc.  Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains.  Not later than ten days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity.  The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated:   8/19/09                          s/Mona K. Majzoub
                                          MONA K. MAJZOUB
                                          UNITED STATES MAGISTRATE JUDGE